# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VELMA JOHNSON § | |
| § | |
| v. § | Case No. 2:15-CV-2097-JRG-RSP |
| § | |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

## MEMORANDUM OPINION

On October 6, 2014, Administrative Law Judge Kelley Day issued a decision finding that Petitioner Velma Louise Johnson was not disabled within the meaning of the Social Security Act from August 31, 2011 through the date of the decision. Ms. Johnson, who was 61 with a high school education at that time, was found to be suffering from severe impairments including obesity and osteoarthritis. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least August 31, 2011. Before that time she had worked as a childcare worker.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform the full range of light work, as defined in the Social Security Regulations, except that she could do no climbing, and only occasionally balance, kneel, crouch, and crawl, and only frequently stoop.

Considering Petitioner's RFC, the ALJ relied upon the testimony of a Vocational Expert and found that Petitioner had the residual functional capacity to perform her past relevant work as a childcare worker as that job is described in the Dictionary of Occupational Titles published by the Department of Labor. This resulted in a finding of no disability. Petitioner appealed this

finding to the Appeals Council, which denied review on October 13, 2015. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises a single issue on this appeal:

1. The ALJ erred in finding that Ms. Johnson can perform past relevant work as a childcare worker, DOT Code 359.677-018, light, SVP2.

*Analysis:*

Other than making the unsupported argument that the ALJ failed to develop and fully explain her findings, Petitioner's sole argument is that Petitioner's use of a walker prevents her from performing the job of childcare worker, her past relevant work. The first problem with this argument is that both the ALJ and the doctor found that she did not require the walker. Dr.

Wener's report notes that Petitioner was seen walking without difficulty, and without the walker, from her car to the office and back. Tr. 13. The other findings of Dr. Wener's examination, including the ability to pick up objects from the floor, the absence of muscle spasm, and a moderate to full range of motion, all support this finding.

While the opinion of this particular ALJ is far from thorough, considering the record as a whole, the Court finds that substantial evidence supports the above findings and that they provide ample support for the ALJ to discount the very broad statements of disability by the Petitioner.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is AFFIRMED and this action is DISMISSED.

**So Ordered this**
**Mar 29, 2017**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE